**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


STEPHANIE HARRELL                    CIVIL ACTION

VERSUS                               NO: 07-1439

FIDELITY SECURITY LIFE               SECTION: "J"(5)
INSURANCE COMPANY


**ORDER AND REASONS**

    Before the Court is Defendant's Motion for Summary Judgment

(Rec. Doc. 13).  For the reasons below, the Motion is **GRANTED**.


**Background:**


*Procedural Background*

    This lawsuit is the result of a denial of a claim for

disability benefits under a group accidental disability

insurance policy issued by Defendant, Fidelity Security Life

Insurance Company.  The parties agree that the policy at issue

is not an employer-sponsored plan providing primary disability

coverage to eligible employees.  The Plaintiff enrolled in this plan through the Nurse Services Organization (NSO) which offered limited accidental disability income protection to its members. NSO is the policyholder, and Plaintiff paid the premiums for coverage under the plan.  Plaintiff's claim for benefits was originally denied on October 16, 2002.

Plaintiff filed suit in Civil District Court in Orleans Parish alleging several causes of action, related to fraud, misrepresentation, bad faith, and arbitrary and capricious behavior in the handling of the claim.  Defendant claims that Plaintiff is not asking for payment of the insurance claim, but instead is only asking for damages related to economic losses, mental anguish, future pain and suffering, emotional and physical distress, and humiliation.

Defendant timely removed this action on the basis of diversity of citizenship.  Plaintiff's petition avers that the amount in controversy does exceed $50,000.  Plaintiff is alleging bad faith and penalties under the Louisiana Insurance Code.  Defendant claimed that from the face of the petition, it appeared that the amount in controversy exceeds $75,000.  In the alternative, the Defendant removed on the basis of federal question, asserting that the policy in question is governed by ERISA, a federal statute.  The Plaintiff has not contested this court's jurisdiction, and it does appear that under either

theory of federal jurisdiction, this court does retain jurisdiction over the claim.

*Factual Background*

Both parties agree that in April 2001, Plaintiff purchased accident disability insurance from Fidelity through the NSO. Defendant asserts that on July 24, 2002, Plaintiff filed a claim with the NSO asserting that she had been unable to work since June 25, 2002 when she injured her leg by hitting it against her son's bed.  NSO forwarded the claim to Fidelity who received it on September 5, 2002.

Plaintiff seems to dispute some of these events, but these disputes are not relevant at this time.  Plaintiff says the claim was submitted on August 22, 2002 but does not cite any document to substantiate such a date.[1]  Regardless of the correct date, Fidelity claims that after a review of the medical records submitted with her claim, it determined that the cause of Plaintiff's injury was a "sickness or disease" which is specifically excluded by the policy in question.  The parties

---

[1] It is worth noting that the claims file submitted with Defendant's Motion is over 2000 pages long and constitutes 5 volumes.  Plaintiff's date would appear to come from the affidavit of the Plaintiff herself, which was attached to the Plaintiff's memorandum in opposition.  (Rec. Doc. 15-3, at 16, para. 4).

agree that the Plaintiff was informed of this decision on
October 9, 2002.

Subsequently Plaintiff filed an appeal of Fidelity's
decision on October 16, 2002.  Fidelity denied the appeal on
October 28, 2002.  Plaintiff's characterizations of the events
of the next five years are substantially different from
Defendant's characterizations.  Plaintiff claims that
"subsequent to losing her appeal, [Plaintiff] made several
attempts to reach an amicable resolution with the defendants so
that she could receive her benefits." (Rec. Doc. 15-3 at 3-4).
Defendant notes that while Plaintiff did not specifically
request a second appeal, Fidelity interpreted subsequent
communications from Plaintiff as such a request and sent the
claim to an outside source for a determination and analysis of
the claim.  This independent medical review affirmed Fidelity's
decision to deny benefits.  Fidelity informed Plaintiff of its
decision on November 26, 2002.

Plaintiff contacted Fidelity in September 2004 requesting a
third review of her claim.  Fidelity informed Plaintiff that the
claim was considered closed since it had been two years since
her last correspondence and furthermore, the medical evidence
indicated that her claim should be denied.  Fidelity's letter to
Plaintiff was sent on September 30, 2004.  Plaintiff requested
another appellate review on December 7, 2004 after Plaintiff

4

filed a complaint against Fidelity with the Louisiana Department of Insurance (DOI).  Defendant conducted a fourth review of the claim, this time with the assistance of and under the supervision of the DOI.  Fidelity learned new information about the claim during this review, none of which is relevant to the instant motion.  On August 9, 2005, Fidelity informed the Plaintiff that her appeal would again be denied.

On November 19, 2006, Plaintiff requested a fifth appeal of her claim, and submitted evidence of the claim.  Fidelity notes that much of the information submitted was duplicative and that some of it was irrelevant.  However, Fidelity considered the new submissions, and informed Plaintiff that her appeal would be denied again on November 30, 2006.  Plaintiff filed suit on February 16, 2007.

## Discussion

### *Choice of Law*

Fidelity first and foremost claims, that this action is in federal court pursuant to the Court's diversity jurisdiction provided in 28 U.S.C. § 1332.  Fidelity maintains that Plaintiff's actions are state law claims that, in accordance with the *Erie* doctrine should be decided using state substantive law.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938).

In the alternative, Fidelity suggests that this Court has jurisdiction under 28 U.S.C. § 1331 in that there exists a question of federal law, specifically that the plan in question is an ERISA qualified plan under 29 U.S.C. § 1101.  Defendant now asserts that the policy in question is not an ERISA qualified plan, and therefore this Court does not have "federal question" jurisdiction under that statute.  Defendant argues that the Court retains jurisdiction on diversity grounds.

*ERISA*

Plaintiff states that the action is really one for a breach of fiduciary duty under ERISA, and therefore Federal law must apply.  Inexplicably, Plaintiff asserts that because this is an action for breach of fiduciary duty under ERISA, this Court must use Louisiana law in determining the applicable prescriptive period.  Plaintiff therefore argues that La. Civ. Code Ann. art. 3499 applies, and this Court should apply a 10 year prescriptive period.  Even if Plaintiff is correct that her claim really falls under the jurisdiction of ERISA, Plaintiff is mistaken as to the applicable prescriptive period.  ERISA specifically provides for a statute of limitations for actions related to a breach of fiduciary duty under ERISA.  29 U.S.C. § 1113.  That section provides that:

"No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the **earlier** of

> (1)  six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2)  three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

except that in the case of fraud or concealment, such action may be commenced not later than six years after the discovery of such breach or violation."

Because the statute refers to the earlier of two time periods, it can be assumed that the three year limitation is the one that would apply in this case.  There is no evidence in the record which would indicate that the Plaintiff knew of or is alleging a breach of fiduciary duty prior to her alleged accident, and therefore the three year period in subsection (2) is the only one that can apply.[2]

---

[2] For the six year limitation period in (1) to apply Plaintiff would have to allege that sometime <u>before</u> the Plaintiff received

7

The Plaintiff is alleging fraud, and the statute provides a special limitation for actions that arise alleging fraud or concealment of six years.  The Plaintiff, in that case may have a right to explore under ERISA the extent to which fraud or concealment caused Plaintiff's injuries, since that cause of action likely has not yet expired.

However, Plaintiff can only assert an ERISA claim if the Plaintiff is entitled to make such a claim.  Upon a review of court decisions relating to ERISA, it must be concluded that Plaintiff has no right of action for her claims under the ERISA statutes.

Plaintiff claims that her action falls under § 1132 of ERISA.  It is presumed that Plaintiff is referring to 29 U.S.C § 1132(a)(2) which provides that a person is empowered to bring a civil action "for appropriate relief under section 1109" of title 29.  29 U.S.C. § 1109 refers to a general fiduciary duty of plan administrators.  However, the Supreme Court has held that recovery for a breach of fiduciary duty inures to the benefit of the plan and not to the individual participant. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985); *Musmeci v. Schwegmann Giant Super Mkts.*, 159 F. Supp. 2d 329, 355 (E.D. La. 2001).  As this Court noted in *Musmeci*, while

_____

actual notice of the alleged breach, some sort of breach or violation occurred.

Plaintiff has "standing to sue the fiduciary for the losses caused by the breach, [she] can do so only in a representative capacity on behalf of the plan." *Musmeci*, 159 F. Supp. 2d at 355.  Further, the *Russel* Court specifically held that there is no cause of action for extra-contractual damages caused by untimely or improper processing of benefit claims under section 1109.  *Russell*, 473 U.S. at 148.

Plaintiff may also possibly state a claim under § 1132(a)(3) which provides that a participant may assert a cause of action "to obtain other appropriate equitable relief" to redress violations or enforce provisions of ERISA.  The Supreme Court has not specifically addressed whether extra-contractual damages are available under that section.[3]  The Fifth Circuit has held that there is also no cause of action for extra-contractual damages under § 1132(a)(3).  *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enters., Inc.*, 793 F.2d 1456,

---

[3] The Supreme Court came close to doing so in *Mertens v. Hewitt Assocs*, 508 U.S. 248 (1993).  In *Mertens*, the Supreme Court held that ERISA "eliminated . . . the common law's joint and several liability, for all direct and consequential damages suffered by the plan, on the part of person who had no real power to control what the plan did." *Id.* at 262-63.  This holding is premised on the Court's assumption that equitable relief does not include monetary damages which are legal in nature.  While similar to the holding that this Court issues today, the issue is not exactly the same, and therefore this Court will base its ruling on the *Sommers* case *infra*.

1464 (5th Cir. 1986);[4] *Corcoran v. United Health Care Inc.*, No.
90-4303, 1991 WL 353841 (E.D. La. Apr. 3, 1991).  Accordingly,
it does not appear that the Plaintiff would have a remedy for
her extra-contractual damages claims under ERISA.  Accordingly,
even though it is conceivably possible that a claim by the
Plaintiff would not be prescribed under ERISA rules, Plaintiff
does not have a cause of action under ERISA for most, if not
all, of her claims.[5]

*State Law Claims*

     The Defendant still avers that Plaintiff's claims are
state-law claims because the policy in question is not an ERISA

---

[4] While it is true that the *Sommers* case has been criticized by
other courts, it has not been overruled by the Fifth Circuit.
*See e.g. Cox v. Eichler*, 765 F. Supp. 601 (N.D. Cal. 1990); *Cal.
Digital Defined Benefits Pension Fund v. Union Bank*, 705 F.
Supp. 489, 491 (C.D. Cal. 1989); *see also Cunningham v. Dun &
Bradstreet Plan Servs.*, 889 F. Supp. 932 (N.D. Miss.
1995)(noting its disagreement with but nonetheless following
Fifth Circuit precedent).  *But see In re Enron Corp. Sec.
Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 612 (S.D. Tex.
2003)(holding that a claim for equitable relief under §
1102(a)(3) cannot include a claim for compensatory or punitive
damages).
[5] The only situation in which Plaintiff's claims would remain
viable are if the Plaintiff is suing for payment on the contract
itself (which Defendant denies is happening) and claims that she
was not paid because of fraud or concealment.  In that case, she
would have six years from the date that the fraud or concealment
was discovered.  However, Plaintiff has not pled in her
complaint that she is seeking payment on the contract itself.
As discussed *supra*, Plaintiff's extra-contractual claims, under
ERISA must fail.

qualified plan.[6]  A federal court sitting in diversity is required to apply the substantive law of the state in which it sits and federal procedural law.  *Erie*, 304 U.S. at 78.  Federal law provides that state prescriptive periods are substantive provisions for the purposes of *Erie*.  *Vincent v. A.C.&S., Inc.*, 833 F.2d 553, 555 (5th Cir. 1987).

The parties seem to agree that Louisiana law controls in this case, given that the insurance policy in question was delivered to an insured in Louisiana and the premiums were paid in Louisiana.  Therefore the question becomes what are the applicable prescriptive periods for Plaintiff's claims?

*Actions Ex Delictu vs. Action Ex Contractu: Which Prescriptive Period Applies*

Plaintiffs and Defendants disagree as to whether the cause of action in this case is one that sounds in contract or tort. Defendant claims that since the Plaintiff is not seeking payment

---

[6] If the policy were an ERISA qualified plan and ERISA applied, Plaintiff's extra-contractual claims would be preempted by the federal law.  *See Bank of La. v. Aetna U.S. Health Care*, 468 F.3d 237, 242-43 (5th Cir. 2006)(holding that a claim that would require inquiry into how benefit claims were processed and paid is an area of exclusive federal jurisdiction.); *see also*, *Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 946 (5th Cir. 1995). Because the Court must view the facts in the light most favorable to the non-movant, the Court will view the claims as arising under state law and not ERISA.  *E.g., Joplin v. Bias*, 631 F.2d 1235, 1237 (5th Cir. 1980).

on the contract but rather damages for fraud and misrepresentation, the action is most like one in tort, subject to a one year prescriptive period.  LA. CIV. CODE ANN. art. 3492. Plaintiff, however, claims that the action should be viewed as an action for breach of contract which has a ten year prescriptive period.  LA. CIV. CODE ANN. art. 3499.

Courts have held that the "key in differentiating a breach of contract from a tort for prescriptive purposes is the source of the duty breached." *Underwriters Ins. Co. v. Offshore Marine Contractors*, 442 F. Supp. 2d 325, 333 (E.D. La. 2006).  Contract damages "flow from the breach of a special obligation contractually assumed by the obligor." *Id.* (*citing Davis v. Le Blanc*, 149 So. 2d 252, 254 (La. App. 3 Cir. 1969)).  Damages in tort, however, "flow from the violation of a general duty owed to all persons." *Id.* (*citing Davis*, 149 So. 2d at 254).

There is a further wrinkle, however in Louisiana prescription law when it comes to insurance contracts.  LA. REV. STAT. ANN. § 22:213(A) provides provisions that must be in every health and accident insurance policy in Louisiana.  One such provision that must be provided is that "No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proofs of loss have been filed in accordance with the requirements of this policy.  No such action shall be brought after the expiration of one year after the time

12

proofs of loss are required to be filed." *Id.* § 213(A)(11).  The
statute also provides that insurance companies are permitted to
include provisions that differ from the ones set out in the
statute as long as they are more favorable to the insured.  *Id.*
§ 213(A).  Plaintiff's insurance policy contained the following
clause:

"No action at law or in equity shall be brought to recover on
the Policy: (a) before the end of 60 days after written proof of
loss has been furnished as provided herein, and (b) after 3
years from the time written proof of loss is required to be
furnished."

Due to the provision in the insurance contract stating that
suit or actions at law must be filed within three years, and the
Louisiana statute authorizing the shorter prescriptive period,
an action on the contract must be filed within three years of
the date that the proof of loss would be due.  The policy states
that a proof of loss must be filed within 90 days of the date of
loss.  Plaintiff was allegedly injured on June 15, 2002, and
stopped working on June 26, 2002.  According to Defendants, the
date of loss would have been June 26, 2002, after which she had
90 days to submit her proof of loss.  Plaintiff then would have
three years after the 90 days had run in which to file a

lawsuit.   Therefore, she would have had to file a lawsuit by September 26, 2005,[7] for claims that arise under payment of the contract.   As discussed *supra* it is possible that <u>all</u> of Plaintiff's claims that are contractual and extra-contractual in nature would prescribe on that date.

Plaintiff disputes this reading, and instead asserts that her claim is one for breach of fiduciary duty, as well as one for fraud and misrepresentation.   Plaintiff therefore claims that the actions she complains of are personal actions, subject to a liberative prescriptive period of ten years under article 3499.   Plaintiff is correct that Louisiana law recognizes a fiduciary duty owed by insurers to their insured.   *See Spiers v. Liberty Mut. Fire Ins. Co.*, No. 06-4493, 2006 WL 4764430 (E.D. La. Nov. 21, 2006).   However such duty appears to be limited to a duty to discharge policy obligations, defend the insured against covered claims, and to consider the insured's interests in settlement.   *Id; see also*, *Theriot v. Midland Risk Ins. Co.*, 694 So. 2d 184, 193 (La. 1997)("While this court has never

---

[7] The Court notes that this time period falls shortly after Hurricane Katrina made landfall, an event that severely disrupted and disabled the judicial system in Southeast Louisiana.   Accordingly, the Louisiana legislature passed statutes which tolled all actions whose prescriptive period ended during the last half of 2005 and in some cases during the first half of 2006.   La. Rev. Stat. Ann. §§ 9:5822 to 5824.   By application of these statutes, Plaintiff's claim would have been tolled until June 1, 2006, at the absolute latest, and would have prescribed on that date.   Plaintiff did not file suit until February, 2007.

defined the precise basis of the duties owed by an insurer to its insured, we have held that they are fiduciary in nature,"), *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417, 423 (La. 1988)("[An] insurance company is held to a high fiduciary duty to discharge its policy obligations to its insured in good faith.").[8]  Futher, "the causes of action and penalties allowed exclusively for breach of fiduciary duty by an insurer are codified" in LA. REV. STAT. ANN. § 22:1220.  *Spiers*, 2006 WL 4764430, at *3.  Therefore Plaintiff can only state an action for an insurance company's breach if it falls within the specific provisions as codified in section 1220.[9]

---

[8] This appears to be in contradistinction to the fiduciary duty owed to insureds by insurance *agents*.  *See Graves v. State Farm Mut. Auto Ins. Co.*, 821 So. 2d 769, 772 (La. App. 3 Cir. 2002)(holding that the fiduciary duty owed by an agent is limited to the procurement of insurance only); *Smith v. Millers Mut. Ins. Co.*, 419 So. 2d 59, 64 (La. App. 2 Cir. 1982)(same).

[9] § 1220(B) provides the list of specific actions that can be brought against an insurance company for breach of fiduciary duty.  The claims are (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue; (2) failing to pay a settlement within thirty days after an agreement is reduced to writing; (3) denying coverage or attempting to settle a claim on the basis of an application with the insurer knows was altered without notice to, or knowledge or consent of, the insured; (4) misleading a claimant as to the applicable prescriptive period; (5) failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause; (6) failing to pay claims pursuant to R.S. 22:658.2 when such failure is arbitrary, capricious, or without probable cause.

Courts have held that a violation of LA. REV. STAT. ANN. § 1220 are delictual in nature and therefore subject to the one year prescriptive period. *See Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, No. 06-7232, 2007 WL 837202 (E.D. La. Mar. 15, 2007)("The Court has no reason to dispute that a violation of the Insurance Code sounds in tort."); *Brown v. Protective Life Ins. Co.*, 353 F. Supp. 2d 739, 743 (E.D. La. 2004)("Section 22:1220 is subject to a one year liberative prescription."); *Yates v. Sw. Life Ins. Co.*, No. 97-3204, 1998 WL 61033 (E.D. La. Feb. 12, 1998)("Actions against insurers under La. R.S. 22:1220 have been found delictual in nature and therefore governed by a one-year prescriptive period."). Accordingly, the actions that Plaintiff could seek against Defendant must be founded in section 1220, and those actions have a one year prescriptive period.[10]

---

[10] Although Plaintiff did not cite a single case which involved the ten year prescriptive period, the Court was able to find one which may be applicable. In *Cantrelle Fence & Supply Co. v. Allstate Ins. Co.*, 550 So. 2d 1306, 1307-08 (La. App. 1 Cir. 1989), the appellate court determined because the Supreme Court of Louisiana has determined that a claim for penalties and attorney fees under section 22:658 is a separate ground or theory of recovery from uninsured motorist coverage, the prescriptive period set in section 9:5629 for uninsured motorist coverage is not applicable. Finding nothing else in the law which establishes a prescriptive period for an action for penalties and attorney's fees, the court concluded that the ten year prescriptive period under article 3499 would apply. *Id.* at 1308.
    However *Cantrelle* is not applicable to the case at bar. There are two main factual differences between the case in

Even if the one year prescriptive period does not apply, the holdings in *Gordon* and *Hampton* each indicate that Plaintiff cannot claim penalties and attorney's fees under section 1220 (the only section available to the Plaintiff) when the Plaintiff cannot state a claim under the contract itself.  In this case, the Court has already determined that prescription had run for claims that Plaintiff made on the contract.

Plaintiff asserts that the three year prescriptive period provided in the contract cannot apply because parties cannot contract a limitation for fraud.  Plaintiff cites no law for this proposition.  The Court notes that in the majority of the cases it has reviewed, courts have determined that an action for

---

*Cantrelle* and the instant case.  The first is that the instant case involves an insurance contract for accidental disability insurance and not the uninsured motorist insurance in question in *Cantrelle*.  *See Gordon v. State Farm Fire & Cas. Co.*, 895 F.2d 1036, 1039 (5th Cir. 1990)(noting that a factual difference existed when it considered a fire insurance contract as opposed to uninsured motorist insurance).  Second, as in *Gordon*, in the case at bar, the plaintiff failed to file her claim within the time period provided in the insurance policy itself.  As in *Gordon* "there neither has been nor will be a judicial determination of [Plaintiff's] loss."  The Fifth Circuit noted in *Gordon* that "judicial recovery under the policy is time-barred, and, further was time-barred at the time the plaintiffs originally filed her action.  The Fifth Circuit held in *Gordon* that because the insurance contract included the words, "no action shall be brought", the words "no action" included an action for penalties and fees.  The same is true in the case at bar, where the insurance policy prohibits "any action" for recovery.  There is no reason to think that this case should be any different than *Gordon*.  *See also Hampton v. Audubon Ins. Co.*, 948 So.2d 332, 333-34 (La. App. 2 Cir. 2007)(holding the same as and agreeing with the conclusion in *Gordon*).

fraud is subject to a one year liberative prescription.  *See e.g. Bell v. Demax Mgmt, Inc.*, 824 So. 2d 490 (La. App. 4 Cir. 2002). [11]  Plaintiff is correct that fraud is a reason to vitiate a contract.  LA. CIV. CODE ANN. art. 1955.  Fraud in the consent of a contract may make that contract absolutely null.  As such an action for fraud that would vitiate consent to the contract would never prescribe.  *See* LA. CIV. CODE ANN. art. 2032 ("Action for annulment of an absolutely null contract does not prescribe").  However, Plaintiff is not claiming that any fraud vitiates consent, and specifically avers that the Plaintiff does not contest the validity of the contract.  This Court cannot find any case or law which prevents Defendant and Plaintiff from making a contract in the way that they did.  Accordingly, this Court must conclude that Plaintiff's claims are subject to a one year prescriptive period under article 3492. [12]

---

[11] There was at least one case reviewed in which an alleged fraud that vitiated consent was held to have a 10 year liberative prescription.  *See Fuller v. Barattini*, 574 So. 2d 412 (La. App. 5 Cir. 1991).  However, in the case at bar, Plaintiff is not claiming that the fraud complained of vitiated consent, and explicitly states that the Plaintiff does not contest the validity of the contract.

[12] As noted above, it is possible that Plaintiff's claims are all subject to the three year prescriptive period in the contract, but in that case, all such claims would have prescribed on June 1, 2006 at the absolute latest.  Because the doctrine of *contra non valentem* applies to actions subject to the one year prescription in article 3492, the date from which prescription began to run is possibly later than the three year date noted in the contract.  Therefore, since this Court must make all assumptions in favor of the Plaintiff, it will assume that the

*Article 3492 and the Doctrine of Contra Non Valentem*

Article 3492 provides that delictual actions are subject to a one year prescription. Such prescription begins to run from the date that injury is sustained. However, under the doctrine of contra non valentem, prescription does not begin to run "when the cause of action is not known or reasonably knowable by plaintiff, even though his ignorance was not induced by the defendant." *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000)(*citing Landreneau v. Furge*, 589 So. 2d 658, 662 (La. App. 3 Cir. 1992)). The doctrine is extended only "up to the time that the plaintiff has actual or constructive knowledge of the tortious act." *Id.* (*citing Bergeron v. Pan Am. Ass. Co.*, 731 So. 2d 1037, 1042 (La. App. 4 Cir. 1999)). Louisiana courts have defined the time in question to be "the time at which the plaintiff has information sufficient to excite attention and prompt further inquiry." *Id.* (*citing Nat'l Council on Compensation Ins. V. Quixx Temp. Servs. Inc.*, 665 So. 2d 120, 124 (La. App. 4 Cir. 1995)).

Plaintiff claims that "due to the ongoing correspondence [Plaintiff] did not know or did not have a reason to know as to her cause of action." (Rec. Doc. 15-3 at 7). Plaintiff cites

---

one year prescriptive period applies. *See supra* note 9 and accompanying text.

no law which indicates that continued negotiations with the Plaintiff would interrupt prescription.  Regardless, Plaintiff indicated in October 2002, that she believed that the doctors had falsified information, and that Defendant was relying on false information.  Yet she did not file suit.  Even more telling is that after Defendant's denial of Plaintiff's claim in November, 2002, Plaintiff did not contact Defendant again until September 2004, nearly two years after her last contact with Defendant.  During this time, Plaintiff could have been pursuing her claim, and obtaining information, but instead was not diligent in her pursuit.  Even more so, in September 2004, she stated that "This has caused me hardship, suffering and pain, due to the insurance not getting the correct information." Therefore by September 2004, it appears that Plaintiff certainly had enough information to "excite attention" and prompt further inquiry.  She claimed at this time to have hired two attorneys. Yet Plaintiff did not attempt to preserve her rights under the contract.

Therefore, it appears to this Court that Plaintiff's cause of action would have prescribed by September 2005.  As stated above, due to Hurricane Katrina, the prescriptive date could have been extended to June 1, 2006.  The cause of action would have prescribed on that date.  As already noted, Plaintiff did not file suit until February, 2007.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 13) is **GRANTED.**

New Orleans, Louisiana, this the 16th day of January, 2008.

CARL BARBIER
UNITED STATES DISTRICT JUDGE